Jabree Montrey BRYANT *v.* STATE of Arkansas

CA 04-722                                          195 S.W.3d 924

Supreme Court of Arkansas
Opinion delivered October 21, 2004

*James Law Firm,* by: *William O. "Bill" James, Jr.,* for appellant.

No response.

PER CURIAM. On September 9, 2004, this court issued a per curiam order remanding to the circuit court the issue of whether an attorney was at fault in failing to appeal the interlocutory

order in timely fashion which denied the motion to transfer this matter to juvenile court. The circuit court has now filed Findings of Fact in which it recites the dates of the order denying transferral, the substitution of counsel for Bryant, and the belated notice of appeal. The Findings of Fact also included discussions between Bryant and current counsel, Bill James, about the feasibility of an appeal.

■ ■ The pertinent statute, Ark. Code Ann. § 9-27-318(l) (Supp. 2003), contemplates an appeal from transfer orders or the denial of the same. Our case law provides that the time to appeal the grant or denial of a transfer order is at the time of the order and an appeal of that issue after the judgment of conviction is untimely. *See, e.g., Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004). We conclude that the time to appeal the order denying transfer was within thirty days of entry of that order, which was September 22, 2003. That was not done.

■ We remand this matter to the circuit court for determination of these facts:

- Did Bryant request either Mark Leverett or Bill James to file an appeal on his behalf before October 22, 2003, which was the deadline for the notice of appeal?

- If such a request was made to either attorney, does that attorney admit fault for not timely filing the notice of appeal?

- If an attorney was so requested and the attorney does not admit fault, does the circuit court find fault with that attorney for failure to file the appeal in timely fashion?